IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IN RE: : <br> : <br> DENISE E. MOONEY, : <br> : <br> DEBTOR. : | |
| DENISE E. MOONEY, : <br> : <br> Appellant, : <br> : <br> v. : <br> : <br> JOY R. WEBSTER, TRUSTEE, : <br> : <br> Appellee. : <br> : | BANKRUPTCY APPEAL <br> 1:14-CV-54 (WLS) |

## ORDER

Presently pending before the Court is Appellant Denise E. Mooney's appeal of United States Bankruptcy Judge James D. Walker, Jr.'s January 3, 2014 Memorandum Opinion sustaining the Trustee's objection to Appellant's exemption of her health savings account. (*See* Doc. 1.) For the reasons discussed below, Judge Walker's Opinion is **AFFIRMED.**

## BACKGROUND

On June 27, 2013, Appellant Denise E. Mooney filed a voluntary Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Middle District of Georgia. (Doc. 1 at 2.) On August 29, 2013, Chapter 7 Trustee Joy R. Webster ("the Trustee") objected to Mooney's $17,570.92 claim of exemption under Ga. Code Ann. §§ 44-13-100(a)(2)(C) & (E) for a Health Savings Account ("HSA"). (*Id.* at 2-3.) The Bankruptcy Court held a hearing on the objection, heard evidence, and directed the Parties to file supplemental briefs. (*Id.* at 3-4.) On January 3, 2014, Judge Walker issued a memorandum

1

opinion sustaining the Trustee's objection to Mooney's claimed exemption for her HSA. (*Id.* at 4.) This appeal followed.

## DISCUSSION

### I. Standard of Review

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court. 28 U.S.C. § 158(a). The Bankruptcy Court's determinations of law are subject to *de novo* review. *In re Goerg*, 930 F.2d 1563, 1565 (11th Cir. 1991) (citing *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990)). Factual findings, however, are subject to the "clearly erroneous" standard of review. *Id.* at 1566. "A factual finding is not clearly erroneous unless '[the Court of Appeals], after reviewing all of the evidence, [is] left with the definite and firm conviction that a mistake has been committed.' " *In re Farris*, 365 F. App'x 198, 199 (11th Cir. 2010) (citing *Lykes Bros., Inc. v. U.S. Army Corps of Eng'rs*, 64 F.3d 630, 634 (11th Cir. 1995)).

### II. Analysis

Section 541 of the Bankruptcy Code defines "property of the estate." Subject to a few specifically enumerated exceptions, the estate consists of all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case. *See* 11 U.S.C. § 541. Certain property may be exempted from the bankruptcy estate. *See* 11 U.S.C. § 522. The "purpose of . . . exemption laws has been to protect a debtor from [her] creditors, to provide [her] with the basic necessities of life so that even if [her] creditors levy on all of [her] non-exempt property, the debtor will not be left destitute and a public charge." *In re Morehead*, 283 F.3d 199, 206 (4th Cir. 2002) (citing H.R. Rep. No. 95-595, at 126 (1977), *reprinted in* 1978 U.S.C.C.A.N. at 6087). In other words, the exemptions are designed to "reliev[e] the honest debtor from oppressive indebtedness and permit[ ] [her] to start afresh." *Wright v. Union Central Life Ins. Co.*, 304 U.S. 502, 514 (1938).

Federal exemptions are codified at 11 U.S.C. § 522. Georgia "opted out" of the federal exemptions and codified its own exemptions at Ga. Code Ann. § 44-13-100. *In re Sheffield*, 507 B.R. 400, 406 (Bankr. S.D. Ga. 2014). As a result, Georgia debtors may only ex-

empt property under federal law other than § 522(d) and state law. *Id.* Mooney argues that her HSA is exempted under the following provision of the Georgia Code:

> (a) In lieu of the exemption provided in Code Section 44-13-1, any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property:
>
> . . .
>
> (2) The debtor's right to receive:
>
> . . .
>
> (C) A disability, illness, or unemployment benefit;
>
> . . .
>
> (E) A payment under a pension, annuity, or similar plan or contract on account of illness, disability, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Ga. Code Ann. § 44-13-100(a)(2)(C) & (E). The quoted Georgia statutory sections mirror the federal exemptions found at 11 U.S.C. § 522(d)(10)(C) & (E).

An HSA is "a trust . . . exclusively for the purpose of paying the qualified medical expenses of the account beneficiary" for the benefit of an individual "covered under a high deductible health plan." 26 U.S.C. § 223(c)(1)(A)(i) & (d)(1); *see also* Ga. Code Ann. § 33-51-1, *et seq*. "Any amount paid or distributed out of [an HSA] which is used exclusively to pay qualified medical expenses of any account beneficiary shall not be includable in gross income." 26 U.S.C. § 223(f)(1). Amounts used for any other purpose are included in the beneficiary's gross income. *Id.* § 223(f)(2). "The tax imposed . . . on the account beneficiary for any taxable year in which there is a payment or distribution from [an HSA] of such beneficiary which is includible in gross income . . . shall be increased by 20 percent of the amount which is so includible." *Id.* § 223(f)(4).

The Court agrees with Judge Walker that *Rousey v. Jacoway*, 544 U.S. 320 (2005), and *Silliman v. Cassell*, 738 S.E.2d 606 (Ga. 2013), are instructive. In *Rousey*, the United States Supreme Court found that a particular debtor's individual retirement account ("IRA")[1] was ex-

---

[1] Accounts that qualify for tax treatment as "individual retirement accounts" are "trust[s] created or organized in the United States for the exclusive benefit of an individual or his beneficiaries." 26 U.S.C. § 408(a). Only limited types of assets may be invested in an IRA, the balance in those accounts is nonforfeitable, and contri-

empt under 11 U.S.C. § 522(d)(10)(E) because the IRA was a "right to receive . . . a payment . . . on account of . . . age." *See* 11 U.S.C. § 522(d)(10)(E).[2] The Court noted that the IRA beneficiaries could not access the funds in the IRA account until they reached the age of 59 ½ without a 10% tax penalty. *Rousey*, 544 U.S. at 327-28. The Court found that the 10% tax penalty was "substantial" and "designed to preclude early access to IRAs." *Id.* at 328. Because the tax penalty was no longer applicable once the beneficiaries reached a certain age, and the funds were thereafter available without restriction, the Court concluded that the "IRAs provide[d] a right to payment on account of age." *Id.* at 328-29.

Next, the *Rousey* Court found that the IRAs were " 'similar' to stock bonus, pension, profiting[-]sharing, or annuity plans or contracts," as required by 11 U.S.C. § 522(d)(10)(E) because all such plans "provide income that substitutes for wages earned as salary or hourly compensation." *Rousey*, 544 U.S. at 331. The Court supported that finding with four observations. First, the Court found that IRA distributions must "begin at the latest in the calendar year after the year in which the accountholder turns 70 ½." *Id.* at 331. As such, "accountholders must begin to withdraw funds when they are likely to be retired and lack wage income." *Id.* Second, the Court noted that the Tax Code defers taxing IRA funds "until the year in which it is distributed, treating it as income only in such years." *Id.* at 331-32. Third, the Court reiterated that "withdrawals before age 59 ½ are subject to a tax penalty, restricting preretirement access to the funds." *Id.* at 332. Fourth, "to ensure that the beneficiary uses the IRA in his retirement years, an accountholder's failure to take the requisite minimum distributions results in a 50-percent tax penalty on funds improperly remaining in the account." *Id.*

In *Silliman*, the Georgia Supreme Court, relying on *Rousey*, found that an annuity may be exempted under Ga. Code Ann. § 44-13-100(a)(2)(E) where it was purchased with inherited funds. The *Silliman* Court emphasized that whether an account qualifies as a "similar plan" under § 44-13-100(a)(2)(E) depends on whether the account is a substitute for wages.

---

butions thereto are subjected to a yearly cap. 26 U.S.C. § 408(a)(4), (a)(5) & (o)(2). Premature withdrawals from the IRA are subject to taxation at the beneficiary's applicable tax rate plus ten percent. 26 U.S.C. § 72(q)(1).
[2] Georgia has enacted an identical exemption at Ga. Code Ann. § 44-13-100(a)(2)(E).

4

The *Silliman* Court also found that the " 'on account of age' requirement was met because the . . . annuity contained penalties for withdrawal prior to a specific age [and] the fixed periodic payment . . . was calculated based, in part, on [the beneficiary's] age at the time she purchased the annuity contract and that the annuity funds and/or payments may be entitled to certain tax advantages due to her age." *Silliman*, 738 S.E.2d at 612-13. *Silliman* also instructed "courts [to] focus on whether the right to payment is causally connected to the payee's age, not on the payee's intent in purchasing the annuity." *Id.* at 613 (emphasis and citation omitted).

Applying the *Rousey* and *Silliman* principles to this case, the Court finds that Mooney's HSA is not subject to exemption under Ga. Code Ann. § 44-13-100(a)(2)(E). Mooney's HSA is not a substitute for wages; it is a place to park wages that, if used for qualified healthcare expenses, allows favorable tax treatment. Unlike every other payment vehicle listed at § 44-13-100(a)(2)—social security benefits; unemployment compensation; local public assistance benefits; veteran's benefits; disability, illness, and unemployment benefits; alimony, support, or separate maintenance; payments under a pension or annuity; payments from an IRA—HSA funds consist of a person's own earned wages *and* the penalties associated thereto for early withdrawal are *forever* applicable. The HSA funds are *never* taxed if used for qualified healthcare costs. Wages put into the HSA and withdrawn only for qualified expenses are completely excluded from taxable income. Further, funds in an HSA continue indefinitely without tax penalty and rollover from year to year. Based on the above, the Court agrees with the Eighth Circuit's observation that HSAs are "just . . . tax-preferred place[s] to park money for use in paying health care expenses that are not covered by insurance." *In re Leitch*, 494 B.R. 918, 919 (8th Cir. B.A.P. 2013) (citing 26 U.S.C. § 223(d)(1)).

Lastly, the Court finds that Mooney's HSA is not exempt from her bankruptcy estate under Ga. Code Ann. § 44-13-100(a)(2)(C). Mooney has not cited any case that treats HSAs as a benefit for any purpose. Instead, Mooney cites only legislative history of state and federal statutes creating HSAs and dictionary entries for "illness" and "benefit." None of the referenced legislative history indicates that any legislature intended HSAs to be treated as a benefit as that term is used in bankruptcy exemption law. Also, the dictionary entries cited

by Mooney do not refer to those words as terms of art as they are used in Ga. Code Ann. § 44-13-100(a)(2).

For an example of a payment or account exempted under Ga. Code Ann. § 44-13-100(a)(2)(C), the Court looks to workers' compensation benefits. *In re Cain*, 91 B.R. 182, 183-84 (Bankr. N.D. Ga. 1988). Those benefits are exempted under the referenced Georgia Code section. *See id.* Unlike HSAs, those benefits are specifically identified as benefits by state law. *Compare* Ga. Code Ann. §§ 34-9-261, 34-9-262, 34-9-263 (workers' compensation benefits) *with* Ga. Code Ann. § 33-51-1, *et seq.* (HSAs). Also, workers' compensation benefits are recognized as "akin to future earnings of the debtor." *In re Cain*, 91 B.R. at 183 (citing *In re LaBelle*, 18 B.R. 169, 171 (Bankr. D. Me. 1982)). Such recognition makes sense because workers' compensation benefits are payments that a person receives when he or she is unable to work and earn income. *See* Ga. Code Ann. § 34-9-261. In other words, workers' compensation payments are a substitute for wages that a worker would be able to earn but for a workplace injury. Mooney has cited no other example of a payment or account similar to her HSA exempted under Ga. Code Ann. § 44-13-100(a)(2)(C). In summary, HSA funds are not specifically or clearly set out as exempt under the Georgia Code and are not clearly identified with or clearly analogous to exempted funds. For those reasons, the Court finds that Mooney's HSA is not subject to exemption from her bankruptcy estate under Ga. Code Ann. § 44-13-100(a)(2)(C).

## CONCLUSION

For the reasons stated above, the Bankruptcy Court's Memorandum Opinion is **AFFIRMED.**

**SO ORDERED**, this  26th  day of February 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**